VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-289



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

JUNE TERM,   2023

Kathleen Lehoe\* v. Department of Labor     }    APPEALED FROM:

} 

}    Employment Security Board

} 

}    CASE NO. 10-21-134-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals pro se from the Employment Security Board's determination that she wrongfully received unemployment benefits and was liable for the overpayment.  We affirm.

The record indicates the following.  Claimant sought and received unemployment benefits beginning in April 2020.  On June 30, 2021, claimant notified the Department of Labor that she was unavailable to work.  Claimant was sent a medical certification form, which her medical provider completed.  After reviewing the matter, a claims adjudicator determined that claimant was not entitled to the unemployment benefits that she had received because she had not been able or available for work.  Claimant appealed this determination to an administrative law judge (ALJ).  Following a hearing, the ALJ reached a similar conclusion.  The ALJ made the following findings.  Claimant worked at a supermarket until March 10, 2020.  At that time, she was placed on leave due to a flare-up of a chronic painful skin condition.  She was also having back pain and gastrointestinal issues.  According to claimant's doctor, claimant was unable to work as of March 10, 2020; her condition was not COVID related and her inability to work was not due to being at high risk for COVID.  The doctor released claimant to work on August 30, 2021.

Notwithstanding her inability to work, claimant had filed weekly claims beginning in April 2020 stating that she was able and available for work.  Because she failed to meet the eligibility requirements to receive unemployment compensation, the ALJ found claimant liable for an overpayment under 21 V.S.A. § 1347(a).  Claimant appealed to the Board, which adopted the ALJ's findings and conclusions.  This appeal followed.

Claimant asserts on appeal that she decided it was unsafe to return to work given the COVID-19 pandemic.  She contends that her fear and anxiety about COVID caused the flare-up of her skin condition and that she had a fear of having a heart attack as well.  Given this, she argues that she did not wrongfully receive the unemployment benefits.

Our review of the Board's decision is "highly deferential." 863 To Go, Inc. v. Dep't of Lab., 2014 VT 61, ¶ 8, 196 Vt. 551. We "will uphold the Board's factual findings unless clearly erroneous and its conclusions of law if fairly and reasonably supported by those findings." Bouchard v. Dep't of Emp. & Training, 174 Vt. 588, 589 (2002) (mem.) (citation omitted). "Absent a clear showing to the contrary, any decisions within the Board's expertise are presumed to be correct, valid, and reasonable." Id.

There was no error here. As referenced above, a claimant must be "able to work" and "available for work" to be entitled to unemployment benefits. 21 V.S.A. § 1343(a)(3). We have explained that "the purpose of the unemployment compensation law is not to provide sick benefits nor to compensate those who cease working because of illness." LaFountain v. Dep't of Lab., 2018 VT 31, ¶ 7, 207 Vt. 120 (quotation omitted). "Instead, the law is designed to assist members of the working force who are made jobless by operations of the economy over which they have no individual control." Id. (quotation omitted).

The Board found here, based on medical information provided by claimant's doctor, that claimant was not able and available for work during the periods in question. Her doctor identified the reason as a flare-up of her skin condition and stated that it was not related to COVID or being at high risk for COVID. These findings are supported by the record.

The Board did not err in holding claimant liable for the overpayment. It did not need to find that claimant made a knowing misrepresentation or acted fraudulently to reach this conclusion. Pursuant to 21 V.S.A. § 1347(a):

> any person who by nondisclosure or misrepresentation by him or her . . . of a material fact (irrespective of whether such nondisclosure or misrepresentation was known or fraudulent) has received any amount as benefits . . . while any conditions for the receipt of benefits . . . were not fulfilled in his or her case or while he or she was disqualified from receiving benefits, shall be liable for such amount.

As set forth above, claimant erroneously stated that she was able and available to work during periods where she was not in fact able or available to work due to a non-COVID-related medical condition. She is thus liable under § 1347(a) to repay the Department for the benefits that she received. There is no basis to disturb the Board's decision.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

2